DECISION
I Background
This case arises out of Laneva Hill’s termination from employment as a custodial worker at the Oneida Health Center. Ms. Hill, the Appellant, was terminated from employment after she failed to return to work from an extended pre-approved medical absence. After the Area Manager upheld her termination from employment, Ms. Hill timely filed her appeal with the Oneida Human Resources Department but did not file it also with the Oneida Personnel Commission. Over a month later, long after the deadline for filing with the Oneida Personnel Commission, Ms. Hill filed her appeal with the OPC. Oneida Personnel Commission began processing the appeal. At the hearing the Oneida Personnel Commissioners ruled her appeal was late and dismissed the case without prejudice. Ms. Hill appeals to the Oneida Tribal Judicial System. Because we find Ms. Hill did not have actual notice of the filing procedure, we find the Oneida Personnel Com *229 mission decision is clearly erroneous and remand the case for further proceedings.

A. Jurisdiction

The Oneida Tribal Judicial System has jurisdiction over this appeal by virtue of Sec. 1.11-1 of the Administrative Procedures Act which permits appeal of a final decision in a contested case.

B. Factual background

Ms. Hill was hired by the Oneida Tribe on February 29, 2004. She received her employee orientation on March 8, 2004. She signed an Employee Orientation Attendance Verification in which she acknowledges receiving the Oneida Tribal Policy and Procedures Manual and the Stand Alone Policies. The parties disagree over whether Ms. Hill received the General Tribal Council Resolution 2-28-04-A which amended the Personnel Policies and Procedures to state that appeals from a decision of the Area Manager must be filed with the Oneida HRD and the Oneida Personnel Commission. The Resolution was a response to the Oneida Tribal Judicial System holding in the case Orosco v. Oneida Bingo and Casino, 02-AC-029, 9 O.N.R. 3-92, — Am. Tribal Law-, 2003 WL 25888489 (8/11/2003).
Ms. Hill worked at the Oneida Health Center. Due to some health issues, Ms. Hill sought and received permission to be on medical leave from February 29, 2008 to April 23, 2008. Appellant was told to provide notiee of her return to her supervisor on April 22, 2008 or request an extension. On April 25, 2008, two days after her scheduled return, Ms. Hill phoned her employer and left a voicemail in which she acknowledged the timelines but stated she had a doctor’s appointment on April 29, 2008. When Ms. Hill did not return to work, she was terminated from employment on May 2, 2008.

C. Procedural background

On May 12, 2008 she timely appealed the termination. After receiving an extension to respond, the Area Manager upheld the termination on June 3, 2008. The decision was delivered to Ms. Hill on June 4, 2008. She submitted a document dated June 4, 2008 and stamped received by the Oneida Human Resource Dept, on June 5, 2008. The subject line states: WRONGFULLY TERMINATED. The document is addressed to Rose Melchert (Ms. Hill’s Area Manager), Geraldine Danforth (then HR Manager) and the Personnel Commission. Towards the end of the document it states, “I will now ask to go to the Personnel Commission for my Appeal.” This document was not delivered to the Personnel Commission.
On July 11, 2008, Ms. Hill submitted a document to the Oneida Personnel Commission with the subject line: Appeal Hearing. After giving some background, the document states, “I know that I am late in requesting a hearing, but I did not know that HRD does not forward the papers and was never told.”

D. Applicable law

The applicable law in this matter is Section V, Part D.6 of the Oneida Personnel Policies and Procedures (Blue Book). After an Oneida Tribal Judicial System case in which the same issue as Ms. Hill’s arose, the Oneida General Tribal Council amended the relevant portions of the Blue Book to make it clear that appeals must be filed with the Oneida Personnel Commission and Oneida HRD. See GTC Resolution 2-28-04-A. The amended language reads as follows:
The employee may appeal the Area Manager’s decision to the Oneida Personnel Commission. The appeal must be filed with the Oneida Personnel Com *230 mission within ten (10) working days from employee’s receipt of the Area Manager’s decision. Upon receipt of the appeal the Commission shall, within one business day, notify the Oneida Human Resources Manager (or designee) that an appeal has been filed by the employee.
Sec. V.D.6.b. as amended by GTC Resolution $ 2-28-04-A.
IIIssues
Was the Oneida Personnel Commission decision clearly erroneous?
IllAnalysis
Was the Oneida Personnel Commission decision clearly erroneous?
Yes. Our concern is over whether Ms. Hill had notice of the requirement contained in GTC Resolution # 2-28-04. The unique timing of events in this case convinces us she did not and that it would be unfair to deny her a hearing on the merits. Therefore, we overturn the Oneida Personnel Commission decision.
Ms. Hill’s hire date, February 29, 2004, is the day after the Oneida General Tribal Council amended Section V.D.6 of the Blue Book in response to the Orosco decision. In the Orosco case, the Oneida Tribal Judicial System ruled that the language of the Blue Book was ambiguous and that Ms. Orosco had successfully appealed her adverse employment action to the Oneida Personnel Commission even though she had only submitted the appeal paperwork to Oneida HRD. (The facts from Orosco and this case are very similar.)
Ten days after her hire, Ms. Hill attended employee orientation and signed a form stating she received the Blue Book and the Stand Alone Policies. There is no evidence that Ms. Hill received Resolution 2-28-04-A or that it was incorporated into the Stand Alone Policies. Ms. Hill claims she did not receive them. The Respondent says she did, pointing to the Employee Orientation Attendance Verification form. Unfortunately, there is no way to tell from the form whether Ms. Hill received Resolution 2-28-04-A.
Receiving the Resolution would be the only way Ms. Hill would have had notice of the amended Blue Book section because the text of the Resolution has not been integrated into the policies themselves. Therefore, simply looking in the Blue Book would not put a person on notice that she was required to file separately with the Oneida Personnel Commission.
There are other facts which support Ms. Hill’s assertion. Her June 4, 2008 memo to the Oneida HRD is addressed to the Personnel Commission. This arguably supports her stated belief that the appeal was going to be delivered by Oneida HRD to the Oneida Personnel Commission. She states the same in her July 11, 2008 memo to the Personnel Commission.
In light of mistaken belief and the unusual timing of her hiring and orientation which occurred at nearly the same time GTC Resolution 2-28-04-A was enacted, it is not clear that Ms. Hill was on notice of the change. Furthermore, there is no evidence or allegation that Ms. Hill ever received follow up from Oneida HRD which would confirm she received the updated language or GTC Resolution 2-28-04-A.
IVDecision
The decision of the Oneida Personnel Commission is reversed. Ms. Hill’s appeal is reinstated. Ms. Hill is entitled to a hearing on the merits before the Oneida Personnel Commission.
IT IS SO ORDERED.